The Honorable JoAnne H. Bush Office of the Mayor P.O. Box 725 Lake Village, AR 71653
Dear Mayor Bush:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
It is my understanding that a request has been presented to the City of Lake Village for certain records contained in three employees' personnel files. More specifically, the request asks for suspension letters that were issued to these employees. These letters notified the employees that they were suspended with pay, pending the gathering of further information that would illuminate certain inconclusive information already received that gave rise to the suspension. You state that after this additional information was received, no further disciplinary action was taken against these employees. You have determined that these letters should not be released.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B). I note that you have not provided me with a copy of the letters. I therefore cannot opine definitively regarding their release. However, on the basis of your description of these records and of the attendant facts, it is my opinion that your decision is consistent with the FOIA.
It is my opinion that the requested suspension letters, as you have described them, constitute "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g.,
Op. Att'y Gen. No. 2000-130.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
In my opinion, the first part of the above-quoted three-part test for the releasability of employee evaluation/job performance records has been met in the situation you have described. That is, there were suspensions, and there was a final administrative resolution of those suspensions. You indicate a belief that because no further disciplinary action was taken against the employees, the "final administration resolution" was not suspension or termination. This belief is incorrect. If there has been a suspension, and the final resolution of that suspension is anything other than a reversal of the suspension, the first part of the three-prong test has been met. If the final resolution of the suspension is a reversal of the suspension, the state of affairs is the same as that in which the suspension never occurred. But if the suspension is not reversed, it still exists, even if no further disciplinary action is taken. Therefore, unless the outcome of the final administrative resolution was a reversal of the suspension or termination, you must proceed to the second step in the three-part test. You have not indicated that the suspensions in the situation you have described were reversed. You simply state that no further disciplinary action was taken. Therefore, in this situation, there were suspensions, they were not reversed (and therefore still exist), and there was a final administrative resolution of these suspensions. Accordingly, it is necessary to go on to the second part of the test.
It is my opinion that although the requested suspension records (as you describe them) do not explicitly state the basis for the suspensions, they do contain sufficient information from which the basis of the suspensions could easily be surmised. For this reason, I believe that the second part of the test for releasability of these records has been met.
However, it is my opinion that the third part of the test for releasability has not been met. That is, your statements concerning the compelling public interest in the requested records indicates that there is not a compelling public interest in these records. The determination of whether there is a compelling public interest in records is necessarily a factual determination and therefore one that only the custodian can make. You have stated that the further information that was obtained about these employees after their suspension indicated that no further disciplinary action was appropriate (and indeed, none was taken). Moreover, you have stated that the information contained in these records was inconclusive and would not accurately inform the public concerning these employees' actual conduct. Finally, you state that these employees are not high-ranking. These facts, if correct, would support a conclusion that the public does not have a compelling interest in these records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh